UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-60153-CR-ALTONAGA/STRAUSS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DONNA RUSH-NEWMAN,

        Defendant.
_____/



FILED BY ___AT___ D.C.

Sep 29, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court on an Order of Reference (ECF No. 7) from Chief United States District Judge Cecilia M. Altonaga, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Donna Rush-Newman. On September 29, 2023, I conducted a Change of Plea hearing, attended by Defendant, her counsel Gustavo E. Frances, and Assistant U.S. Attorney Donald F. Chase, II. I hereby REPORT and RECOMMEND to the District Court as follows:

    1.    At the outset of the hearing, I advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the Change of Plea hearing on an Order of Reference from the District Judge. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

    2.    I advised Defendant that she did not have to permit me, a United States Magistrate Judge, to conduct this hearing and could request that the Change of Plea hearing be conducted only by a United States District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to me conducting the

1

Change of Plea hearing.

3. I conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4. The Parties have entered into a written Plea Agreement. (ECF No. 10). I reviewed the Plea Agreement on the record and had Defendant acknowledge that she signed and understood the Plea Agreement. I also made certain that Defendant was aware of any applicable mandatory minimum sentences. I advised Defendant of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes. Defendant acknowledged that she understood the possible maximum penalties (including fines, supervised release, forfeiture, and special assessments) that could be imposed in this case.

5. Defendant pleaded guilty to Counts 1-14 of the Information. Counts 1, 2, and 4-14 charge her with dispensing and distributing, not for legitimate medical purpose and not in the usual course of professional practice, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, involving a mixture and substance containing a detectable amount of Dextroamphetamine (Adderall), Zolpidem (Ambien), and Alprazolam (Xanax). Count 3 charges her with attempting to dispense and distribute, not for legitimate medical purpose and not in the usual course of professional practice, a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 2, involving a mixture and substance containing a detectable amount of Dextroamphetamine (Adderall) and Alprazolam (Xanax).

6. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 9), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be

applicable. Defendant acknowledged on the record that she had read the stipulated factual basis, had signed the stipulated factual basis, agreed that the facts set forth in the stipulated factual basis were true and accurate to the best of her knowledge, and agreed that the proffer included the essential elements of the offense to which she is pleading guilty.

7. I advised Defendant about the possible immigration and other collateral consequences of her guilty plea.

8. Defendant expressed satisfaction with her counsel's representation.

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report. Defendant has also been appraised that her sentencing hearing will be set for Monday, December 18, 2023, at 8:30 a.m., in Miami, Florida, before Chief Judge Altonaga.

Based on all the foregoing and the plea colloquy, I **RECOMMEND** that: (1) Defendant, Donna Rush-Newman, be found to have freely and voluntarily entered her guilty plea to dispensing and distributing, not for legitimate medical purpose and not in the usual course of professional practice, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, involving a mixture and substance containing a detectable amount of Dextroamphetamine (Adderall), Zolpidem (Ambien), and Alprazolam (Xanax) and to attempting to dispense and distribute, not for legitimate medical purpose and not in the usual course of professional practice, a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 2, involving a mixture and substance containing a detectable amount of Dextroamphetamine (Adderall) and Alprazolam (Xanax); (2) her plea of guilty be accepted, and; (3) she be adjudged guilty of this offense. I further recommend that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, Chief United States District Judge.   Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.   *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of September, 2023.

Jared M. Strauss
United States Magistrate Judge

CC: Hon. Cecilia M. Altonaga
U.S. Probation
All counsel of record